IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DOMINICK BURRESS** and **STEPHANIE BURESS**, <br><br> Plaintiffs, <br><br> v. <br><br> **AMERICAN HOME MORTGAGE ASSETS TRUST 2007-1, AMERICAN HOME MORTGAGE SERVICING, INC**, and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, <br><br> Defendants. | FILED: MAY 5, 2008 <br> 08 CV 2552    JH <br> JUDGE LEINENWEBER <br> MAGISTRATE JUDGE COX |

**COMPLAINT FOR RESCISSION, DAMAGES, AND OTHER RELIEF
PURSUANT TO TRUTH IN LENDING ACT**

Now Comes **DOMINICK BURRESS** and **STEPHANIE BURESS**, by and through their attorney Lloyd Brooks, to complain against the defendants as follows:

**Nature of the Action**

1. This action is brought by Plaintiffs to rescind a predatory loan made to them without the proper disclosures required under the federal Truth In Lending Act. The violation of TILA gave rise to a statutory right for Anna to rescind the subject loan.

**Parties**

2. **DOMINICK BURRESS** and **STEPHANIE BURESS** are the plaintiffs.

3. **American Home Mortgage Asset Trust 2007-1** ("Mortgage Asset Trust") is a trust controlled by American Home Mortgage Servicing, Inc.  The Mortgage Asset Trust is the current holder and owner of the subject loan account and mortgage.

4. **American Home Mortgage Servicing, Inc.,** ("AHMSI") is a corporation with its principal offices located in Irving, Texas and does business in Illinois.

5. **Mortgage Electronic Registration Systems, Inc.** ("MERS") is a Delaware corporation with its principal place of business located in Vienna, Virgina.

MERS acts as the nominee and holder of mortgages on behalf of mortgage lenders and other holders of monetary obligations secured by real estate, including real estate located in Illinois and within this judicial district.  MERS, as the nominee of American Home Mortgage, is a holder of the Mortgage that is the subject of the present action.

## Jurisdiction and Venue

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

7.     This Court has jurisdiction over the defendants who are all doing business in this State and have availed themselves of this State's benefits and protections.

8.     Venue is proper in this Court as defendants reside within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

## Factual Basis For Plaintiffs' Claim

9.     On November 6, 2006 Plaintiff entered into a loan transaction with American Home Mortgage in the amount of $356,250.  American Home Mortgage regularly extended consumer credit secured by liens against real property.  American Home Mortgage made more than 25 such loans in 2005.

10.    In connection with the loan a mortgage was executed by the Plaintiffs in favor of MERS as nominee for American Home Mortgage conveying a security interest in their home covering the obligations under the November 6, 2006 loan.

11.    After the closing of the loan, Plaintiffs were informed that an interest in the loan had been transferred to AHMSI, which now claims a right to collect payments on the November 26, 2006 loan.

12. The loan made to Plaintiffs was for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes and to pay for remodeling of the home.

13. Because this transaction was secured by Plaintiffs' home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Anna's rescission rights under the Truth In Lending Act, 15 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

14. Regulation Z reads in pertinent part:

§226.23

(a) *Consumer's right to rescind.*

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

(d) *Effects of rescission.*

> (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
>
> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
>
> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the

consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

15. TILA provides in pertinent part:

12 U.S.C.§1640

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

16. Neither Dominick nor Stephanie was provided with a Truth In Lending Statement in violation of their TILA rights pursuant to 15 U.S.C. §1635 and Regulation Z, §226.23(b).

17. The failure to provide Plaintiffs with a Truth In Lending Disclosure Statement gives rise to an extended right to rescind the subject transaction.

18. Plaintiffs previously notified American Home Mortgage and AHMSI of their election to rescind the subject loan. However, more than 20 days have passed since their election and none of the defendants have acknowledge Plaintiffs' election, nor have any of them returned any money or provided a release of the Mortgage to Plaintiffs..

WHEREFORE Plaintiffs respectfully request that the Court enter judgment in their favor and against AMERICAN HOME MORTGAGE ASSETS TRUST 2007-1, AMERICAN HOME MORTGAGE SERVICING, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. for a judgment, capable of recordation in public

records, voiding the subject mortgage; statutory damages for the underlying failure to provide Plaintiffs with the proper disclosures; statutory damages for the failure to honor the election to rescind the loan; an order requiring deletion of all adverse credit information relating to the loan; an award of his attorney's fees and costs of this action; and, such other relief as this Court deems just and appropriate.

                                        Respectfully Submitted,

                                        /S/ Lloyd Brooks
                                        _____
                                        Attorney for Plaintiff

State Bar No. 6271994
Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
***Attorney for Plaintiffs***