IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOMINICK BURRESS and STEPHANIE BURESS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.  08 CV 2552 |
| AMERICAN HOME MORTGAGE ASSETS TRUST 2007-1, *et al*. | ) ) ) | Judge Harry D. Leinenweber Magistrate Judge Cox |
| Defendants. | ) ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants, Deutsche Bank National Trust Company, as Trustee for the American Home Mortgage Assets Trust Mortgage-Backed Pass-Through Certificates Series 2007-1, incorrectly sued herein as "American Home Mortgage Assets Trust 2007-1" ("Trustee"), American Home Mortgage Servicing, Inc. ("American Home"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), by their attorneys, answer and respond to Plaintiffs Dominick Burress' and Stephanie Buress' (the "Plaintiffs") Complaint as follows:

**Nature of the Action**

1.     This action is brought by Plaintiffs to rescind a predatory loan made to them without the proper disclosures required under the federal Truth In Lending Act. The violation of TILA gave rise to a statutory right for Anna to rescind the subject loan.

**ANSWER:**   Defendants deny the allegations in this Paragraph, deny that they engaged or participated in any wrongdoing whatsoever, and deny any and all alleged liability to Plaintiffs.

**Parties**

2.     DOMINICK BURRESS and STEPHANIE BURESS are the plaintiffs.

**ANSWER:**   Defendants admit the allegations contained in this Paragraph.

3.     American Home Mortgage Asset Trust 2007-1 ("Mortgage Asset Trust") is a trust

controlled by American Home Mortgage Servicing, Inc.  The Mortgage Asset Trust is the current holder and owner of the subject loan account and mortgage.

**ANSWER:**     Defendants admit that Trustee is the current holder and owner of the subject loan, that the Trustee is incorrectly sued herein as "American Home Mortgage Assets Trust 2007-1," and that MERS is the mortgagee of record as nominee for the Trustee.  Defendants deny the remaining allegations contained in this Paragraph.

4.     American Home Mortgage Servicing, Inc., is a corporation with its principal offices located in Irving, Texas and does business in Illinois.

**ANSWER:**     American Home admits that it is a Delaware corporation formerly known as AH Mortgage Acquisition Co., Inc., with its principal offices located in Irving, Texas, and that it conducts business in Illinois.  MERS lacks knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore denies the same.

5.     Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with its principal place of business located in Vienna, Virgina.  MERS acts as the nominee and holder of mortgages on behalf of mortgage lenders and other holders of monetary obligations secured by real estate, including real estate located in Illinois and within this judicial district. MERS, as the nominee of American Home Mortgage, is a holder of the Mortgage that is the subject of the present action.

**ANSWER:**     Defendants admit that:  (1) MERS is a Delaware corporation with its principal place of business in Vienna, Virginia;  (2) MERS often acts as mortgagee and nominee on behalf of mortgage lenders and other holders of monetary obligations secured by real estate, including real estate located in Illinois and within this district; and (3) MERS is the mortgagee of record as nominee for the Trustee with respect to the loan at issue in this case.

**Jurisdiction and Venue**

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

**ANSWER:**     Defendants do not contest subject matter jurisdiction in this matter.

7.     This Court has jurisdiction over the defendants who are all doing business in this State and have availed themselves of this State's benefits and protections.

**ANSWER:**     Defendants do not contest personal jurisdiction in this matter.

8.     Venue is proper in this Court as defendants reside within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

**ANSWER:**     Defendants deny they reside within this judicial district, but do not otherwise

contest venue in this matter.

### Alleged Basis For Plaintiffs' Claim

9.     On November 6, 2006 Plaintiff entered into a loan transaction with American Home Mortgage in the amount of $356,250. American Home Mortgage regularly extended consumer credit secured by liens against real property. American Home Mortgage made more than 25 such loans in 2005.

**ANSWER:**     Defendants admit that Plaintiffs entered into a loan transaction with a company

formerly known as "American Home Mortgage" in the amount of $356,250.  Defendants lack

knowledge or information sufficient to admit or deny the remaining allegations in this Paragraph.

10.     In connection with the loan a mortgage was executed by the Plaintiffs in favor of MERS as nominee for American Home Mortgage conveying a security interest in their home covering the obligations under the November 6, 2006 loan.

**ANSWER:**     Defendants admit the allegations in this Paragraph.

11.     After the closing of the loan, Plaintiffs were informed that an interest in the loan had been transferred to AHMSI, which now claims a right to collect payments on the November 26, 2006 loan.

**ANSWER:**     Defendants admit the allegations in this Paragraph.

12.     The loan made to Plaintiffs was for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes and to pay for remodeling of the home.

**ANSWER:**     Defendants lack knowledge or information sufficient to admit or deny the

allegations in this Paragraph and therefore deny the same.

13.     Because this transaction was secured by Plaintiffs' home and was not entered into

for purposes of its initial purchase or construction, the loan was made subject to Anna's rescission rights under the Truth In Lending Act, 15 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

**ANSWER:**    Defendants lack knowledge or information sufficient to admit or deny the

allegations in this Paragraph and therefore deny the same.

14.    Regulation Z reads in pertinent part:

§226.23
*(a)    Consumer's right to rescind.*
(1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.
(2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.
*(b )Notice of right to rescind:*
(1)    In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
(i)    The retention or acquisition of a security interest in the consumer's principal dwelling.
(ii)    The consumer's right to rescind the transaction.
(iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
(iv)    The effects of rescission, as described in paragraph (d) of this section.
(v)    The date the rescission period expires.
*(d) Effects of rescission.*
(1)    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
(2)    Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

4

(3)    If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumers tender, the consumer may keep it without further obligation.

**ANSWER:**    Defendants admit the allegations in this Paragraph to the extent they are

consistent with 12 C.F.R. § 226.23, but deny the allegations to the extent of any inconsistency.

15.    TILA provides in pertinent part:

12 U.S.C. §1640

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of the failure;
(2)(A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;
(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**ANSWER:**    Defendants admit the allegations in this Paragraph to the extent they are

consistent with 15 U.S.C. § 1640, but deny the allegations to the extent of any inconsistency.

16.    Neither Dominick nor Stephanie was provided with a Truth In Lending Statement in violation of their TILA rights pursuant to 15 U.S.C. §1635 and Regulation Z, §226.23(b).

**ANSWER:**    Defendants deny the allegations in this Paragraph.

17.    The failure to provide Plaintiffs with a Truth In Lending Disclosure Statement gives rise to an extended right to rescind the subject transaction.

**ANSWER:**    Defendants deny the allegations in this Paragraph.

18.    Plaintiffs previously notified American Home Mortgage and AHMSI of their election to rescind the subject loan. However, more than 20 days have passed since their election and none of the defendants have acknowledge Plaintiffs' election, nor have any of them returned

any money or provided a release of the Mortgage to Plaintiffs.

**ANSWER:**    Defendants lack knowledge or information sufficient to admit or deny the allegations in this Paragraph and therefore deny the same.

Defendants deny all other allegations not specifically admitted herein.

WHEREFORE, Defendants deny any and all alleged liability to Plaintiffs, request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

### AFFIRMATIVE DEFENSES

Trustee, American Home and MERS state the following for their Affirmative Defenses:

1.    On or about November 6, 2006, American Home Mortgage, Inc. ("AMHI") extended a loan (the "Subject Loan") to Plaintiffs, which Subject Loan was evidenced by a promissory note dated November 6, 2006 in the original principal amount $391,875.00 and secured by a mortgage on the plaintiffs' real property commonly known as 4907 Bayview Drive, Richton Park, Illinois  60471 (the "Property"").

2.    Plaintiffs each timely received all of the disclosures required under TILA in connection with the Subject Loan, including two copies of their Notice of Right to Cancel and one copy of their Federal Truth In Lending Disclosure Statement.

3.    Despite having received their Notices of Right to Cancel, Plaintiffs failed to cancel the Subject Loan within the 3-day period allowed under TILA.

4.    Instead, Plaintiffs caused numerous payments to be made toward the amounts due on the Subject Loan with knowledge of the matters they now allege in their Complaint.

5.    Plaintiffs signed various disclosures explaining the terms of their loan and the

compensation to the various parties, including all of the disclosures required under TILA, at closing, each time representing and acknowledging having received the correct number of copies of the disclosures.

6.      AMHI sold and assigned the Subject Loan.  Trustee is the current owner of the Subject Loan, MERS is the current mortgagee of the Subject Loan as nominee of Trustee, and American Home is the servicer of the Subject Loan.

### First Affirmative Defense

7.      Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

8.      Plaintiffs' attempt to now cancel and rescind the Subject Loan under TILA is untimely.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

### Second Affirmative Defense

9.      Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

10.      One or more of the Defendants reasonably relied on Plaintiffs' representation and acknowledgement that they had received the correct number of TILA and other loan disclosures.

11.      Plaintiffs are now estopped from denying their receipt of the disclosures.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

### Third Affirmative Defense

12.     Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

13.     Plaintiffs' purported claims are barred by waiver and/or the voluntary payment doctrine.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

### Fourth Affirmative Defense

14.     Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

15.     Plaintiffs' claims are barred and/or limited in whole or in part by the terms of the documents evidencing the Subject Loan, the parol evidence rule, and/or the statute of frauds.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

### Fifth Affirmative Defense

16.     Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

17.     To the extent Plaintiffs suffered any alleged damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by Plaintiffs' failure to mitigate the alleged damages, the alleged damages were caused in whole or in part by Plaintiffs' own acts or omissions, and/or the alleged damages were caused in whole or in part by

individuals and/or entities over whom Defendants had no control, right of control or responsibility.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

### Sixth Affirmative Defense

18.     Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

19.     To the extent Plaintiffs suffered any alleged damages, the existence of which are expressly denied, Plaintiffs' claims are barred by the doctrine of laches and/or the applicable statute of limitations.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

### Seventh Affirmative Defense

20.     Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

21.     Defendants deny that Plaintiffs are entitled to now cancel or rescind the Subject Loan, deny that they are liable to Plaintiffs under TILA, and deny any alleged wrongdoing whatsoever.

22.     Nevertheless, to the extent this Court may allow rescission, Defendants respectfully request equitable modification of the rescission procedures pursuant to 15 U.S.C. § 1635(b) and Regulation Z, 12 C.F.R. § 226.23(d)(4), to ensure the required tender by Plaintiffs

prior to the release of the mortgage securing the Subject Loan.

WHEREFORE, to the extent Plaintiffs may now be entitled to rescission under TILA, Defendants request that this Court:

a.    Require Plaintiffs to provide reasonable assurances that the non-rescindable balance of the Subject Loan will be repaid;

b.    Order that the mortgage securing the Subject Loan shall be released only upon payment of the non-rescindable balance; and,

c.    Provide such further and additional relief as this Court deems just and appropriate.

### Eighth Affirmative Defense

23.    Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

24.    It would be unjust for Plaintiffs to retain the benefit of the money obtained from the Subject Loan without reimbursing Defendants for such benefit.

WHEREFORE, to the extent that Plaintiffs might somehow rescind the Subject Loan and/or related mortgage, request that judgment be entered in their favor and against Plaintiffs, such that Defendants are provided with equitable liens equivalent to the money, property or benefits received by Plaintiffs in connection with the Subject Loan, together with costs assessed, and that this Court grant such further and additional relief, as it deems just and appropriate.

### Ninth Affirmative Defense

25.    Defendants restate and incorporate by reference the facts described in Paragraphs 1-6 above.

26.    MERS' capacity is solely that of nominee on behalf of Trustee, the Trustee is an assignee who took the Subject Loan without any violations apparent on the face of the

disclosures, and American Home is the servicer of the Subject Loan.

27.     To the extent Plaintiffs seeks any alleged damages or other amounts pursuant to 15 U.S.C. § 1640, the existence of which are expressly denied, Plaintiffs' claims are barred because they have failed to name the real party in interest and/or join indispensible parties.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, with costs assessed, and that this Court grant such further and additional relief as it deems just and appropriate.

The above affirmative defenses are based on the facts currently known to Defendants. Trustee, American Home and MERS reserve the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

## DEFENDANTS' COUNTERCLAIMS

Defendants and Counterplaintiffs Trustee, MERS and American Home (collectively, "Counterplaintiffs"), by their counsel, state the following for the Counterclaims against Plaintiffs:

28.     The United States District Court for the Northern District of Illinois has original jurisdiction over this matter pursuant to 28 U.S.C. §1331, because this action involves claims under the federal Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.* ("TILA").

29.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because, upon information and belief, this is the judicial district in which the Plaintiffs reside and in which the Property is situated.

30.     American Home is the servicer of the Subject Loan as that term is defined in 15 U.S.C. § 1641(f)(3).

31.     Trustee is the holder and owner of the Subject Loan.

32.    Upon information and belief, Plaintiffs were each timely provided with materially accurate disclosures required by TILA, including the Truth-in-Lending Disclosure statement and two copies each of the Notice of Right to Cancel form.  Attached hereto as Exhibit A is a copy of the Truth in Lending Disclosure statement wherein the plaintiffs acknowledge "I/We hereby acknowledge reading and receiving a complete copy of this disclosure."  Attached hereto collectively as Exhibit B are copies of the completed Notice of Right to Cancel forms provided to plaintiffs, wherein plaintiffs acknowledge "The undersigned each acknowledge receipt of two copies of Notice of Right to Cancel and one copy of the Federal-Truth-in-Lending Disclosure Statement."

33.    Pursuant to 15 U.S.C. § 1635(c), the debtor's written acknowledgement of receipt of the notices of right to cancel creates a rebuttable presumption of their delivery.

34.    As to American Home and the Trustee, pursuant to 15 U.S.C. § 1641(b) (except as provided in § 1635(c)), the plaintiff's written acknowledgement of receipt of the Truth in Lending disclosures "shall be conclusive proof of the delivery thereof."

35.    Notwithstanding their acknowledgement of receipt of the Truth in Lending Disclosures and notices of their right to cancel the Subject Loan, Plaintiffs have alleged herein that in they did not receive "the Truth in Lending Disclosure Statement."

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

36.    Counterplaintiffs restate and incorporate by reference Paragraphs 28 through 35 above.

37.    Based upon the foregoing, an actual controversy exists with respect to Plaintiffs' request for damages and their request to rescind the Subject Loan.

38.    Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, this Court may declare the

rights and other legal relations of the parties.

39.    A declaration of the parties' respective rights and obligations with respect to the Subject Loan is necessary and appropriate in order that American Home may properly service the Subject Loan, and the Counterplaintiffs may fulfill any statutory duties with respect to the Subject Loan under TILA.

40.    Defendants seeks a judicial declaration that Plaintiffs' request to rescind the Loan under TILA is denied, that the Loan is not rescinded, and all terms of the promissory note, mortgage and other Subject Loan documents shall remain in full force and effect according to their terms.

WHEREFORE, Counterplaintiffs request that a judgment be entered in their favor and against Plaintiffs, with costs assessed, declaring that:  (1) Plaintiffs' request to rescind the Loan under TILA is denied;  (2) the Subject Loan is not rescinded; and  (3) all of the rights, obligations, duties and other terms of the promissory note, mortgage and other Subject Loan documents shall remain in full force and effect.  Counterplaintiffs additionally request that this Court grant such further and additional relief as it deems just and appropriate.

## SECOND CAUSE OF ACTION
### (Rescission and Equitable Modification Under 15 U.S.C. § 1635)

41.    Counterplaintiffs restate and incorporate by reference Paragraphs 28 through 35 above.

42.    Pursuant to TILA, in the event rescission of the Subject Loan is deemed appropriate, the respective Counterplaintiffs may be required to refund of the interest, finance charges and other amounts paid in connection with the Subject Loan as provided in 15 U.S.C. § 1635(b) *et seq.*, and required to terminate the security interest evidenced by the mortgage upon the Plaintiffs' Property.

43.    Plaintiffs have not made arrangements with Counterplaintiffs to tender the amounts due upon a rescission of the Subject Loan, and Plaintiffs may be unwilling or unable to perform their tender obligations in connection with a TILA rescission.

44.    Under TILA, the Subject Loan may be deemed rescinded and the mortgage considered void upon the Plaintiffs' exercise of their purported right to rescind, however, in accordance with Regulation Z, 12 C.F.R. § 226.23(d)(4) *et seq*., the Court has the power to equitably modify the procedures outlined in TILA, requiring that the rescission be conditional upon and preceded by the Plaintiffs' tender.

45.    In the event of a rescission, Counterplaintiffs seek an order from the Court equitably modifying the rescission procedures as provided in TILA and Regulation Z to require tender by Plaintiffs in advance of any rescission, or in the alternative, if Plaintiffs are unable or unwilling to tender, denying Plaintiffs' request to rescind and holding that the Subject Loan is not rescinded and that all terms of the promissory note, mortgage and other Subject Loan documents remain in full force and effect.

WHEREFORE, Counterplaintiffs respectfully requests judgment in their favor and against the Plaintiffs as follows:

      A.    For an order declaring that Plaintiffs' request to rescind the Subject Loan is denied, that the Subject Loan is not rescinded under TILA, and that the Subject Loan shall remain in full force and effect according to its original terms; or alternatively,

      B.    In the event rescission of the Subject Loan is deemed appropriate, for an order equitably modifying the rescission procedures under TILA and Regulation Z to require Plaintiffs to tender the appropriate amounts to Counterplaintiffs by a date

certain and prior to Counterplaintiffs' termination of the security interest created

by the Mortgage;

C.  For costs of suit incurred herein; and

D.  For such additional relief as the Court may deem just and proper.

Dated: June 17, 2008                    Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE AMERICAN HOME MORTGAGE ASSETS TRUST MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-1, AMERICAN HOME MORTGAGE SERVICING, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

Ralph T. Wutscher                       Defendants,
F. John McGinnis, *Of Counsel*
ROBERTS WUTSCHER, LLP
105 W. Madison Street, Suite 2100
Chicago, Illinois  60602
Tel.  (888) 339-5282            By:    /s/  Ralph T. Wutscher
Fax  (866) 581-9302                    One of Their Attorneys


### Certificate of Service

I, Ralph T. Wutscher, an attorney, hereby certify that on **June 17, 2008**, service of a true and correct copy of this document and any referenced exhibits was accomplished pursuant to ECF on all parties who are Filing Users.


/s/  Ralph T. Wutscher

# Exhibit A

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

LENDER OR LENDER'S AGENT: American Home Mortgage
246 Janata Blvd. Suite 220
Lombard, IL 60148

☐ Preliminary ☒ Final
*DATE:* 11/06/06
LOAN NO.:
*Type of Loan:* Conventional
APP NO.: 0001442956

BORROWERS: Dominick E. Burress
Stephanie C. Burress

ADDRESS: 4907 Bayview Drive
CITY/STATE/ZIP: Richton Park, IL 60471
PROPERTY: 4907 Bayview Drive
Richton Park, IL 60471

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.081 % | $ 922,488.82 | $ 351,673.40 | $ 1,274,162.22 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 27 | $1,131.06 | January 1, 2007 | 452 | $2,745.32 | April 1, 2009 |
| 1 | $2,738.96 | December 1, 2046 | | | |

**DEMAND FEATURE:** ☒ This loan does not have a Demand Feature. ☐ This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
☒ This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at: 4907 Bayview Drive
Richton Park, IL 60471

**ASSUMPTION:** Someone buying this property ☐ cannot assume the remaining balance due under original mortgage terms
☒ may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $ 94.95

**PROPERTY INSURANCE:** ☒ Property hazard insurance in the amount of $ 356,250.00 with a mortgagee clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance ☐ is ☒ is not available through the lender at an estimated cost of N/A for a year term.

**LATE CHARGES:** If your payment is more than 15 days late, you will be charged a late charge of 5.000 % of the overdue payment.

**PREPAYMENT:** If you pay off your loan early, you
☒ may ☐ will not have to pay a penalty.
☐ may ☒ will not be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

_Dominick E. Burress_ 11-6-06
Dominick E. Burress BORROWER / DATE

_Stephanie C. Burress_ 11-6-06
Stephanie C. Burress BORROWER / DATE

BORROWER / DATE

BORROWER / DATE

BORROWER / DATE

DOC #:060401 / rev. 06/2005 APPL #:0001442956 LOAN #:0000000000
-788 (9901) DM31 9601.65 VMP MORTGAGE FORMS - (800)521-7291 Page 1 of 2
© 1999 CBF Systems, Inc. The contents of this form in whole or in part are protected under the copyright laws of the United States. 5/96

## DEFINITION OF TRUTH-IN-LENDING TERMS

### ANNUAL PERCENTAGE RATE

This is not the Note rate for which the borrower applied. The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only one such charge. Other charges which are used in calculation of the Annual Percentage Rate are Private Mortgage Insurance or FHA Mortgage Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs). The APR is calculated by spreading these charges over the life of the loan which results in a rate higher than the interest rate shown on your Mortgage/Deed of Trust Note. If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

### PREPAID FINANCE CHARGES

Prepaid Finance Charges are certain charges made in connection with the loan and which must be paid upon the close of the loan. These charges are defined by the Federal Reserve Board in Regulation Z and the charges must be paid by the borrower. Non-Inclusive examples of such charges are: Loan origination fee, "Points" or Discount, Private Mortgage Insurance or FHA Mortgage Insurance, Tax Service Fee. Some loan charges are specifically excluded from the Prepaid Finance Charge such as appraisal fees and credit report fees.

Prepaid Finance Charges are totaled and then subtracted from the Loan Amount (the face amount of the Deed of Trust/Mortgage Note). The net figure is the Amount Financed as explained below.

### FINANCE CHARGE

The amount of interest, prepaid finance charge and certain insurance premiums (if any) which the borrower will be expected to pay over the life of the loan.

### AMOUNT FINANCED

The Amount Financed is the loan amount applied for less the prepaid finance charges. Prepaid finance charges can be found on the Good Faith Estimate/Settlement Statement (HUD-1 or 1A). For example if the borrower's note is for $100,000 and the Prepaid Finance Charges total $5,000, the Amount Financed would be $95,000. The Amount Financed is the figure on which the Annual Percentage Rate is based.

### TOTAL OF PAYMENTS

This figure represents the total of all payments made toward principal, interest and mortgage insurance (if applicable) over the life of the loan.

### PAYMENT SCHEDULE

The dollar figures in the Payment Schedule represent principal, interest, plus Private Mortgage Insurance (if applicable) over the life of the loan. These figures will not reflect taxes and insurance escrows or any temporary buydown payments contributed by the seller.

*Sen* Initials: _____

# Exhibit  B

## NOTICE TO CUSTOMERS REQUIRED BY FEDERAL LAW FEDERAL RESERVE REGULATION Z
### NOTICE OF RIGHT TO RESCIND (GENERAL)

#### NOTICE OF RIGHT TO CANCEL

Conventional                                                  ACCOUNT NO.    0001442956
(Identification of Transaction)

**1. Your Right to Cancel**

You are entering into a transaction that will result in a (mortgage/lien/security interest) (on/in) your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

    (1)   The date of the transaction, which is    November 6, 2006    ; or
    (2)   The date you received your Truth in Lending disclosures; or
    (3)   The date you received this notice of your right to cancel.

If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage/lien/security interest) (on/in) your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**2. How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
    American Home Mortgage
    520 Broadhollow Road
    Melville, NY 11747 Attn. Mail Stop 800

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of **November 9, 2006** (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____    _____
SIGNATURE                                                                 DATE

The undersigned each acknowledge receipt of two copies of NOTICE of <u>RIGHT TO CANCEL</u> and <u>one copy</u> of the Federal-Truth-in-Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_Stephanie C Burress_     **11/06/2006**            _____
BORROWER/OWNER  **Stephanie C. Burress**    DATE      BORROWER/OWNER                       DATE


_____           _____
BORROWER/OWNER                  DATE      BORROWER/OWNER                       DATE

DOC #:942349                         APPL #:0001442956
∧~ -68 (9712)    UM31 9712.02            12/97
      VMP MORTGAGE FORMS - (800)521-7291



### NOTICE TO CUSTOMERS REQUIRED BY FEDERAL LAW FEDERAL RESERVE REGULATION Z
### NOTICE OF RIGHT TO RESCIND (GENERAL)

### NOTICE OF RIGHT TO CANCEL

Conventional                                    ACCOUNT NO.   0001442956
(Identification of Transaction)

**1. Your Right to Cancel**

You are entering into a transaction that will result in a (mortgage/lien/security interest) (on/in) your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)   The date of the transaction, which is        November 6, 2006        ; or
(2)   The date you received your Truth in Lending disclosures; or
(3)   The date you received this notice of your right to cancel.

If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage/lien/security interest) (on/in) your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**2. How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
American Home Mortgage
520 Broadhollow Road
Melville, NY 11747  Attn. Mail Stop 800

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of
November 9, 2006     (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____                _____
SIGNATURE                                                        DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal-Truth-in-Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_Dominick E Burress_      11/06/2006          _____
BORROWER/OWNER   Dominick E. Burress    DATE      BORROWER/OWNER                    DATE


_____        _____
BORROWER/OWNER                    DATE          BORROWER/OWNER                    DATE

DOC #:942349                          APPL #:0001442956
∧~ -68 (9712)      UM31 9712.02         12/97
          VMP MORTGAGE FORMS - (800)521-7291

NOTICE TO CUSTOMERS REQUIRED BY FEDERAL LAW FEDERAL RESERVE REGULATION Z
NOTICE OF RIGHT TO RESCIND (GENERAL)

### NOTICE OF RIGHT TO CANCEL

Conventional _____    ACCOUNT NO. ___0001442956_____
(Identification of Transaction)

**1. Your Right to Cancel**

You are entering into a transaction that will result in a (mortgage/lien/security interest) (on/in) your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)   The date of the transaction, which is        November 6, 2006         ; or
(2)   The date you received your Truth in Lending disclosures; or
(3)   The date you received this notice of your right to cancel.

If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage/lien/security interest) (on/in) your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**2. How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
American Home Mortgage
520 Broadhollow Road
Melville, NY 11747  Attn. Mail Stop 800

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of
**November 9, 2006**    (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____    _____
SIGNATURE                                                                                      DATE

The undersigned each acknowledge receipt of two copies of NOTICE of <u>RIGHT TO CANCEL and one copy</u> of the Federal-Truth-in-Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_Stephanie C. Burress_        11/06/2006       _____
BORROWER/OWNER    **Stephanie C. Burress**    DATE       BORROWER/OWNER                              DATE

_____    _____
BORROWER/OWNER                              DATE       BORROWER/OWNER                              DATE

DOC #:942349                          APPL #:0001442956
∧~ -68 (9712)    UM31 9712.02                12/97
VMP MORTGAGE FORMS - (800)521-7291



## NOTICE TO CUSTOMERS REQUIRED BY FEDERAL LAW FEDERAL RESERVE REGULATION Z
## NOTICE OF RIGHT TO RESCIND (GENERAL)

### NOTICE OF RIGHT TO CANCEL

<u>Conventional</u>               ACCOUNT NO.    <u>0001442956</u>
(Identification of Transaction)

**1. Your Right to Cancel**

You are entering into a transaction that will result in a (mortgage/lien/security interest) (on/in) your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1)    The date of the transaction, which is     November 6, 2006      ; or
(2)    The date you received your Truth in Lending disclosures; or
(3)    The date you received this notice of your right to cancel.

If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage/lien/security interest) (on/in) your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**2. How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
American Home Mortgage
520 Broadhollow Road
Melville, NY 11747 Attn. Mail Stop 800

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of **November 9, 2006**    (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____       _____
SIGNATURE                                             DATE

The undersigned each acknowledge receipt of two copies of NOTICE of <u>RIGHT TO CANCEL</u> and one copy of the Federal-Truth-in-Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

_____     11/06/2006       _____
BORROWER/OWNER   Dominick E. Burress      DATE       BORROWER/OWNER                 DATE

_____              _____
BORROWER/OWNER                 DATE       BORROWER/OWNER                 DATE

DOC #:942349                    APPL #:0001442956
^~ -68 (9712)    UM31 9712.02          12/97
VMP MORTGAGE FORMS - (800)521-7291